## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **AUBRY LAUHOFF,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**QUALITY CORRECTIONAL** )<br>**HEALTH CARE, INC.,** *et al.*, )<br>)<br>**Defendants.** ) | Civil Action No. 5:14-CV-00614-CLS |

### MEMORANDUM OPINION AND ORDERS

This action is before the court on the parties' motions *in limine*.[1]

### I. Defendants' Motion

Defendants ask the court to exclude seven categories of evidence from presentation during the jury trial set to commence on July 18, 2016.

Five aspects of defendants' motion *in limine* are uncontested by plaintiff. Plaintiff does not dispute that he should not be permitted to present evidence related to: (1) insurance coverage held by defendants that may provide coverage for their alleged wrongful acts; (2) his dismissed claims; (3) any lawsuits, complaints, investigations, or grievances against defendants that are unrelated to his alleged injury and treatment; (4) "expert testimony" by plaintiff or his lay witnesses concerning medical opinions; and (5) handwritten statements authored by his fellow inmates James Russell, Mike Bryant, and

---

[1] Doc. no. 138 (Defendants' Motion *in Limine*); doc. no. 139 (Plaintiff's Motion *in Limine*).

Chris Proctor.[2]   Accordingly, defendants' motion is GRANTED insofar as it addresses those items.

Defendants also seek to exclude causation testimony by Dr. Evans Kyei-Nimako, plaintiff's "free world" treating physician.[3]  They state:  "Dr. Nimako has attempted to testify multiple times that the cause of the Plaintiff's anemia in this matter was due to 'chronic blood loss' when he presented to Eliza Coffee Memorial Hospital ("ECM") six days after his release from jail."[4]

Plaintiff has not disclosed Dr. Nimako as an expert pursuant to Federal Rule of Evidence 702.[5]

Furthermore, defendants assert that Dr. Nimako lacks the requisite personal knowledge to offer lay opinion testimony under Federal Rule of Evidence 701, because "Plaintiff *denied a rectal exam* [by Dr. Nimako] in order to confirm whether there was actual bleeding,"[6] Dr. Nimako "*performed no test to determine whether there was a bleed*,"[7] and "Dr. Nimako has testified that he *has no knowledge of the medical care*

---

[2] Doc. no. 141 (Plaintiff's Response to Defendants' Motion *in Limine*), at 1.

[3] Doc. no. 138 (Defendants' Motion *in Limine*), at 10.

[4] *Id.* at 11.

[5] *See* doc. no. 27 (Scheduling Order) (stating that any expert witness offered by plaintiff was required to provide a "complete report under Fed. R. Civ. P. 26(a)(2)(B)" by December 12, 2014); *see also* Fed. R. Civ. P. 26(a)(2)(B).

[6] Doc. no. 138 (Defendants' Motion *in Limine*), at 11 (emphasis and alteration supplied).

[7] *Id.* at 11 (emphasis supplied).

*provided by the Defendants to Plaintiff at the Lawrence County Jail.*"[8]  Plaintiff does not dispute any of those assertions.

Instead, plaintiff responds that he, "and at least one other witness[,] will testify regarding [his] chronic rectal bleeding, and this will be a sufficient factual basis for Dr. Nimako's causation testimony."[9]  Plaintiff misunderstands the foundational requirements of Rule 701.  Dr. Nimako can only provide "testimony in the form of an opinion . . . that is:  (a) *rationally based on* [*his*] *perception*; (b) helpful to clearly understanding [his] testimony or to determining a fact in issue; and (c) *not based on scientific, technical, or other specialized knowledge within the scope of Rule 702*."  Fed. R. Evid. 701 (ellipsis, emphasis, and alterations supplied).  The Eleventh Circuit has stated that "*when a treating physician's testimony is based on a hypothesis, not the experience of treating the patient*, it crosses the line from lay to expert testimony, and it must comply with the requirements of Rule 702 and the strictures of *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)]."  *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317-18 (11th Cir. 2011) (emphasis and alteration supplied).  In light of the facts that Dr. Nimako did not perform a rectal exam on plaintiff, performed no other tests to detect rectal bleeding, and does not have any personal knowledge regarding

---

[8] *Id.* at 12 (emphasis supplied).

[9] Doc. no. 141 (Plaintiff's Response to Defendants' Motion *in Limine*), at 1 (alterations supplied).

3

the medical treatment plaintiff received from defendants while incarcerated, this court concludes that he lacks the requisite personal knowledge to provide lay opinion testimony under Federal Rule of Evidence 701. Accordingly, this aspect of defendants' motion is GRANTED.

Defendants next ask the court to exclude handwritten statements that were authored by plaintiff during his incarceration, and signed by another inmate, James Russell, as a "witness."[10] Defendants state:

> Plaintiff has testified he has no knowledge of who Russell is, Russell did not observe Plaintiff write the statements, and Plaintiff has no knowledge of whether Russell could read the statements. Accordingly, the unauthenticated statements are inadmissible as they would indicate that Russell either personally observed the conditions complained of by Plaintiff in the statements, or otherwise ratified what was written. As such, the statements are inadmissible as hearsay (without exception) and [are] also highly prejudicial compared to any probative value that may arise from the use of the statements. Fed. R. Evid. 403, 801-805, 901.

Doc. no. 138 (Defendant's Motion *in Limine*), at 14 (alteration supplied, record citation omitted).

Plaintiff responds that the statements, "while hearsay, are within at least one exception, for then-existing mental, emotional, or physical conditions" pursuant to Federal Rule of Evidence 803(3).[11] That rule renders admissible a

> statement of the declarant's then-existing state of mind (such as motive,

---

[10] Doc. no. 138 (Defendant's Motion *in Limine*), at 14.

[11] Doc. no. 141 (Plaintiff's Response to Defendants' Motion *in Limine*), at 2.

4

> intent, or plan) or *emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)*, but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Fed. R. Evid. 803(3) (emphasis supplied).

The first handwritten statement does not fall within that exception. Plaintiff wrote: "If something happens to me wile [*sic*] im [*sic*] in Lawrence County Jail I give my ex- permission to sue Lawrence County Jail for suport [*sic*] and the future of my son's [*sic*] Aubry Lee Lauhoff the II & Emmett Parker Lauhoff."[12] Aside from the fact that plaintiff neither signed nor dated that statement, it does not concern plaintiff's then-existing emotional, sensory, or physical condition at the time of writing. Instead, it simply indicates plaintiff's intent to confer power to sue *in the future*. Accordingly, the first of plaintiff's handwritten statements is not admissible under the hearsay exception identified by plaintiff, or under any other exception, and defendants' motion *in limine* is GRANTED with regard to that statement.

In his second statement, plaintiff wrote:

> I, Aubry Lee Lauhoff on this day of 5/21/2012 swear I've been sick over the entire weekend, and I have been denied medical help and I am progressively feeling worse. I have sevear [*sic*] swelling in my hands, feet, & inside of my mouth. I am also haveing [*sic*] trouble seeing out of my left eye. I'm dizzy & having trouble standing. Last night I was forced to sit in a small cell with my own vomit all over for more than an houre [*sic*]. Tonight I was simply told try not to die before the nurse get's [*sic*] in

---

[12] Doc. no. 138-3, at ECF 2.

5

tomorrow. I feel really bad & I need helped. The time is 6:40 p.m. on 5/21/2012. Wittness [*sic*]. James Russell.[13]

That statement does constitute a contemporaneous recording of plaintiff's then-existing physical condition and, therefore, it may be admissible at trial under Federal Rule of Evidence 803(3). If the statement is introduced at trial, defendants will be entitled to cross-examination concerning Russell's identity and his ability to comprehend the statement he allegedly witnessed. The motion *in limine* is DENIED with regard to plaintiff's second handwritten statement.

Lastly, defendants ask the court to exclude videos recorded by plaintiff's counsel of the depositions taken in this action, that also were transcribed by certified court reporters who were present at the depositions.[14] Defendants state:

> *First it should be noted that Plaintiff's witness and exhibits lists did not indicate that he planned to present any testimony via deposition in this matter.* Nor does the exhibit list reference any of the videos as an exhibit. Nevertheless, to the extent Plaintiff's counsel attempts to introduce his own personal videos at trial, the video [*sic*] serve no purpose other than to confuse, mislead, waste time, or needlessly present cumulative evidence. Fed. R. Evid. 403. Furthermore, because a certified court reporte[r] was present[] and transcribed all depositions in this matter, Plaintiff's personal videos would not serve as the best evidence of any prior testimony in this matter.

Doc. no. 138 (Defendants' Motion *in Limine*), at 15-16 (emphasis and alterations supplied). Plaintiff responds that he

---

[13] *Id.* at ECF 3.

[14] Doc. no. 138 (Defendants' Motion *in Limine*), at 15.

does not intend to use any video of a deposition as an exhibit. Plaintiff may seek [to] use short clips from a witness's deposition, including the synced transcript text, so that the jury can evaluate the witness's demeanor, rather than only listening to the text read to them. *Defendants have had copies of the videos, do not state any objection to the quality of the videos, and will be provided with video clips plaintiff may seek to use in advance so that any particular objections can be raised before any clip is offered.*

Doc. no. 141 (Plaintiff's Response to Defendants' Motion *in Limine*), at 2 (alteration and emphasis supplied). As an initial matter, plaintiff may not present a witness by means of deposition testimony — regardless of whether it be in the form of a transcript, or a video clip. The pretrial order entered in this action specified that the parties must appropriately indicate on their witness lists "which of their primary and optional witnesses they expect to present *by means of depositions*."[15] Plaintiff's witness list — albeit, filed prior to the entry of the pretrial order — does not indicate any witnesses he expects to present by means of deposition testimony.[16] Moreover, plaintiff did not supplement his prior witness list, after the entry of the pretrial order, to reflect that some witnesses would be presented through deposition testimony.

Even so, to the extent that plaintiff seeks to use the video deposition excerpts for *impeachment* purposes, the court reserves ruling on this aspect of defendants' motion, and will address defendants' objections to individual video clips, in context, during trial.

---

[15] Doc. no. 130 (Pretrial Order), at 9-10 (emphasis supplied).

[16] *See* doc. no. 128.

## II. Plaintiff's Motion

Plaintiff's motion states, in full:

> Plaintiff requests that the Court, in limine and before trial, instruct defendant's [*sic*] counsel, defendant [*sic*], and any witnesses called by defendant [*sic*] to refrain from commenting at any time during the trial of this case or at any other time in the presence of the jury concerning any of the following matters:
>
> 1. **Evidence regarding prior and subsequent alleged misconduct by plaintiff, including arrests, convictions, probation revocations, failure to pay fines, etc.** Evidence of any arrest, conviction, incarceration, probation, revocation, etc., excepting proof of a conviction admissible under Rule 609 offered as impeachment, is not relevant to any issue, constitutes inadmissible character evidence, and, even if somehow minimally relevant to some "other purpose" under Rule 404(b), would be inadmissible under FRE 403, as the probative value would be substantially outweighed by the danger of unfair prejudice.
>
> 2. **Evidence regarding [plaintiff's] failure to pay child support.** [Plaintiff] requests that evidence regarding his failure to pay child support be excluded as irrelevant and inadmissible under Rule 403, as the probative value would be substantially outweighed by the danger of unfair prejudice.

Doc. no. 139 (Plaintiff's Motion *in Limine*), at 1-2 (boldface emphasis in original, alterations supplied). Defendants respond that, to the extent plaintiff's motion "fails to identify any specific testimony or documents to which Defendants may respond, Defendants reserve the right to address specific evidence as testimony proceeds which they believe to be relevant and admissible."[17] They also assert that evidence regarding

---

[17] Doc. no. 142 (Defendants' Response to Plaintiff's Motion *in Limine*), at 1-2.

the "reason for Plaintiff's incarceration during the time period in question" is admissible as *res gestae* evidence.[18] The Eleventh Circuit has stated that evidence of other crimes, wrongs, or acts falls outside the scope of Federal Rule of Evidence 404(b)[19] when it is: "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. Baker*, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005).

The *res gestae* doctrine is not applicable to the present civil action. Moreover, any possible probative value in testimony regarding plaintiff's criminal history would be substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Accordingly, plaintiff's motion is GRANTED, to the extent that defendants may not introduce evidence of plaintiff's criminal history, except for impeachment purposes as allowable under Federal Rule of Evidence 609.

The court similarly concludes that any probative value in testimony that plaintiff has failed to pay child support is substantially outweighed by the risk of unfair prejudice. Accordingly, that aspect of plaintiff's motion also is GRANTED.

**DONE** and **ORDERED** this 6th day of July, 2016.

---

[18] *Id.* at 2.

[19] That rule prohibits the use of evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

_____
United States District Judge